## Ex Parte Charles G. Davis

No. 28,242. March 14, 1956.

Relator represented himself.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator, an inmate of the penitentiaries of this state, applied to the Hon. Langston King, Judge of Criminal District Court No. 2 of Harris County, for writ of habeas corpus, alleging that he was convicted in said Criminal District Court No. 2 of Harris County in Cause No. 68064 and assessed a two year term for theft by bailee, and on the same day was assessed a term of five years for robbery in criminal district court in Cause No. 68243.

Relator further alleged that the sentence in Cause No. 68243 was cumulated so as to begin at the expiration of the sentence in Cause No. 68064, when in fact the sentence in Cause No. 68243 was pronounced before the sentence in No. 68064.

Judge King granted the writ and, certifying that he had no independent recollection of Cause No. 68064 and that Judge Williford, who presided in Cause No. 68243, is dead, made the writ returnable before this court as provided in Art. 119, V.A.C.C.P.

The record shows that relator was credited with time in jail in Cause No. 68064, and there is nothing, unless it be appellant's affidavit, to show that the conviction in that cause was not in existence when sentence was pronounced by Judge Williford in Cause No. 68243. The proceedings being had on pleas of guilty on the same day, it is obvious that in the first conviction appellant was allowed credit for time in jail, and upon the second conviction the sentence was cumulated.

The relief prayed for is denied.